Field, J.
delivered the opinion of the Court.
The prisoner was indicted in the Circuit court of Petersburg for larceny. He was convicted and sentenced to be confined in the penitentiary for eighteen months. The larceny consisted in stealing certain jewelry from John B. Stevens and Thomas R. Hopkins, jewellers, in the city of Petersburg, trading under the firm of Stevens &. Hopkins. After the testimony had been given in upon the trial, and the arguments of counsel heard, the jury retired to consider of their verdict, and not being able to agree upon a verdict on the first day, they were brought into Court and adjourned over in the usual way, until the next day. On the next day they appeared in Court pursuant to their adjournment, and the counsel for the prisoner asked the Court to instruct the jury, “ that if they believed from the evidence, that the Commonwealth has failed to prove the existence of the copartnership of Stevens & Hopkins, and that the property was in them as partners, as alleged in the indictment, then they must acquit the prisoner, the burthen of proof being on the Commonwealth to shew these facts.” The attorney for the Commonwealth then proposed to recall John B. Stevens, one of the partners, who had been examined the day before, to be examined more fully upon these points. The Court permitted him to be recalled. He was re-examined and proved that the stolen articles belonged to Stevens & Hopkins. The prisoner complains *661 of this, and assigns it as one of the grounds for reversing the judgment. . Whilst we have no hesitation in saying that, as a general rule, after a cause has been submitted to a jury, it is improper to introduce new testimony or examine new witnesses, there can be no doubt of the propriety for good cause shewn of admitting new testimony, or the examination of new witnesses. But in allowing this to be done, the Court must exercise a sound discretion. When the circumstances of the case make it necessary and proper to do so, the Court ought to permit either party to introduce new witnesses and new testimony. But the case before the Court is not altogether a case of that sort; after the cause had been committed to the jury, it was the prisoner who called upon the Court to give an instruction, based no doubt upon a failure through inadvertence on the part of the prosecuting attorney, to examine the witness upon the right of property. The existence of the partnership was no doubt a matter of general notoriety throughout the city of Petersburg; so notorious as to cause it to be taken for granted as a fact already proved in the cause, and hence the tendency of the instruction was to get an unfair advantage of the Commonwealth, and defeat the claims of justice. The Court to prevent this, allowed one of the partners who had been examined the day before, to be recalled and examined. In doing this, the Circuit court under the circumstances of the case, exercised its discretion properly. Having heard the witness, the Court then refused to give the instruction asked for by the prisoner, but instructed the jury “ that if they should believe from the evidence in the cause, as well that given in on yesterday, as to-day by the said Stevens, that the Commonwealth had failed to prove that the gold chains and ring, or any part of them, were the property of John B. Stevens and Thomas R. Hopkins, jewellers, in this *662 city, trading under the firm and style of Stevens & Hopkins, as laid in the indictment, they ought to find the prisoner not guilty; it being incumbent on the Commonwealth to prove the ownership, as laid in the indictment.” This instruction was more favourable to the prisoner than the one he had asked for. For according to this instruction, although the jury might believe from the evidence that a part of the stolen goods were proved to be the property of Stevens & Hopkins; yet, if there was a failure in proof of their title to any part of them, the jury was bound to find the prisoner not guilty. We can perceive, therefore, no error in this record, of which the prisoner has any right to complain.
Writ of error refused.